# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EARL WATTLETON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> ) <br> Defendant. ) | Civil Action No.: 19-1404 (BAH) <br> Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION

The plaintiff, David Earl Wattleton, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552a, to compel a determination and disclosure of financial records, maintained by the Social Security Administration ("SSA").[1] SSA now seeks summary judgment. SSA Mot. for Summ. J. ("SSA Mot."), ECF No. 12; SSA Mem. Supp. Mot. for Summ. J. ("SSA Mem."), ECF No. 12-1. For the reasons discussed below, the motion for summary judgment is granted as to the plaintiff's FOIA claim, and the plaintiff's belated asserted claim, under the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a, which materialized during briefing, is dismissed without prejudice.

---

[1] The plaintiff sues Nancy A. Berryhill, the former acting Commissioner of the Social Security Administration. FOIA and the Privacy Act authorize suit against federal agencies but neither statute allows a right of action against individual employees of the agency. *See Sherwood Van Lines, Inc. v. United States Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990) ("FOIA only authorizes civil actions against agencies of the United States"); *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 n.4 (D.C. Cir. 2015) (holding that the Privacy Act only creates a cause of action against federal government agencies and not individual officials). For this reason, the Court substitutes the Social Security Administration as the defendant in this matter.

1

**I.     BACKGROUND**

The plaintiff alleges that, in February 2019, he submitted a written FOIA request to SSA. Compl., ECF No. 1, at 2. He includes an exhibit, which he describes as a "true and correct copy of the request." Compl. at 2, 4 (Compl. Ex. A) ("February Request"). This single-page February Request is undated and unsigned. *See* February Request. The body of the document states that it "is a FOIA request pursuant to 5 U.S.C. § 552, for Form W-2 for taxable years 1986–1999, the amounts that [the plaintiff has] been paid by employer, and the taxes that have been withheld by employer." *Id*. The plaintiff alleges that SSA has refused to respond to this request and, in its failure to make a timely determination, is concomitantly improperly withholding documents. Compl. at 2.

In moving for summary judgment, SSA states that, upon notice of this lawsuit, it conducted searches on August 8 and August 13, 2019, finding no record of any FOIA request submitted by the plaintiff. SSA Mem. at 3; SSA Mem. Ex. A., Declaration of C.T. Monica Chyn, Division Director for the Office of Privacy & Disclosure in the SSA Office of General Counsel ("Chyn Decl.") ¶ 7, ECF No. 12-2; SSA Reply, Ex. A, Declaration of Mary Ann Zimmerman, Deputy Executive Director of the Office of Privacy & Disclosure in the SSA Office of General Counsel ("Zimmerman Decl.") ¶ 11, ECF No. 18–1 (averring that SSA has no record of the February Request or any other FOIA request from the plaintiff). The plaintiff asserts a genuine dispute of fact exists because he can "establish, beyond doubt, that [he] did mail his FOIA request to the Social Security Administration . . ." and that "SSA received his FOIA request." Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 2, ECF No. 14. As proof, he attaches a responsive letter from SSA, dated August 9, 2019. *Id.* at 5 (Pl.'s Opp'n, Ex. A.) ("August Response"). This letter, however, is not responsive to the February Request, but instead is an agency response to a

separate document request from the plaintiff to the SSA. Specifically, the August Response serves as a "response to [the plaintiff's] *April 3, 2019* request for copies of Wage and Tax Statements (Form W-2) for 1986 through May 1999." *Id.* (emphasis added). The August Response requests supplemental information that was apparently missing from the plaintiff's April 3, 2019 request ("April Request"), including: his social security number, the exact name shown on his social security card, any potential different names shown on an applicable W-2, his complete mailing address and telephone number, the years requested, and the reason for the request.[2] According to the SSA, the plaintiff has not yet provided the supplemental information for the April Request that SSA requested in its August Response. SSA Reply in Supp. Mot. Summ. J. ("SSA Reply") at 2, ECF No. 17.

SSA acknowledges receipt of the April Request, but states that this request sought the plaintiff's own records without citing to FOIA. SSA Reply at 1; Zimmerman Decl. ¶ 7. Consequently, pursuant to its internal policy, *see* Program Operations Manual System ("POMS") GN 003340.001, SSA construed the April Request as a first-party access request under the Privacy Act. Reply at 1; Zimmerman Decl. at ¶ 8. SSA will not process a first-party request under FOIA "unless a request has already been denied under the [Privacy Act]," because such individuals are requesting their own records. Zimmerman Decl. at ¶¶ 7, 8 (citing POMS GN 03340.001). SSA also states that the April Request was processed under the Privacy Act because SSA "generally applies whichever law grants the requester greater access, regardless of which is cited, or even if no law is cited by the requester" and the Privacy Act grants greater access to first-party requesters. *Id.* ¶ 10 (citing POMS GN 003301.035).

---

[2] No copy of the plaintiff's April Request has been submitted to the Court.

3

## II.     STANDARD OF REVIEW

Exhaustion of remedies under FOIA is "a jurisprudential doctrine" that bars judicial review "if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003) (citing *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). The majority of FOIA claims are appropriately decided on motions for summary judgment. *Defenders of Wildlife v. Border Patrol,* 623 F. Supp. 2d 83, 87 (D.D.C. 2009). A court may grant summary judgment by relying on the information included in the agency's affidavits or declarations if they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted).

Exhaustion under the Privacy Act, however, "is a jurisdictional threshold to challenging an agency determination." *Kearns v. FAA*, 312 F. Supp. 3d 97, 107 (D.D.C. 2018). In assessing a Privacy Act claim, a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Further, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

When, as here, an action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, a court need not accept inferences drawn by a plaintiff if those inferences are unsupported by facts alleged in the

4

complaint, nor must the court accept a plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III. DISCUSSION

The plaintiff's original complaint appeared to challenge only SSA's processing of his February Request, pursuant to the FOIA, but during the course of summary judgment briefing he also raised challenge to SSA's processing of another document request made in April 2019. For neither request has the plaintiff sought administrative review through appropriate channels within SSA. Thus, as discussed separately below, the February Request is evaluated as a FOIA claim, under Federal Rule of Civil Procedure 56, s*ee Goldstein v. IRS*, 279 F. Supp. 3d 170, 175–76 (D.D.C. 2017); *see also Powell v. Social Sec. Admin.*, No. 18-847, 2018 WL 4840356, at *2 (D.D.C. Oct. 4, 2018), and the April Request is reviewed as a Privacy Act claim, pursuant to Federal Rule of Civil Procedure 12(h)(3), *Hidalgo*, 344 F.3d at 1260.

#### A. FOIA Claim

Pursuant to FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). This obligation, however, can only be triggered upon receipt of such a request. *See Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (noting that "[a]n agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations"). Absent receipt of a FOIA request, an agency "has no reason to search or produce records and similarly has no basis to respond." *Johnson v. United States*, 239 F. Supp. 3d 38, 44–5 (D.D.C. 2017) (granting summary judgment where the plaintiff had not submitted a FOIA request) (quoting *Carbe v.*

*Bureau of Alcohol, Tobacco and Firearms*, No. 03-CV-1658, 2004 WL 2051359 at *8 (D.D.C. Aug. 12, 2004)).

Here, the plaintiff has failed to offer any objective evidence supporting his allegation that SSA actually received the February (FOIA) Request. SSA has submitted two sworn declarations attesting that, despite two searches, no record of the February Request, or any other FOIA request from the plaintiff, was found. *See, generally*, Chyn Decl., Zimmerman Decl. The purported copy of the February Request attached to the complaint, which is undated and unsigned, is insufficient to generate a genuine dispute of material fact regarding SSA's alleged receipt of the request. The plaintiff's reliance on the August Response is similarly ineffectual as the document is clearly responsive to a different document request. He does not attach, for example, "a certified-mail receipt or any other form of mailing that his missives reached their intended target. This is thus insufficient to create a dispute of material fact that [the agency] ever received his requests[.]" *Reynolds v. Dep't of Justice*, No. 16–1428, 2017 WL 1495932 at *2 (D.D.C. Apr. 26, 2017).

The plaintiff has failed to show that SSA received a FOIA request prior to filing this civil action, and therefore, summary judgment is entered on behalf of the agency as to that claim.

**B.     Privacy Act Claim**

SSA indisputably received the April Request and treated it as a request for information under the Privacy Act. *See* August Response; SSA Reply at 1; Zimmerman Decl. at ¶ 8. Although the plaintiff's complaint neither mentions the April Request nor alleges any cause of action under the Privacy Act, this Request emerged in summary judgment briefing and shall be addressed.

The Privacy Act regulates the collection, maintenance, use, and dissemination of an individual's personal information by federal government agencies. *See* 5 U.S.C. § 552a(e). It also allows that "upon request by any individual to gain access to his record or to any information

pertaining to him which is contained in the system," an agency shall provide the individual with access to review such records. *Id.* § 552a(d)(1).

Instead of clarifying the date inconsistencies, or offering proof of mailing or receipt, the plaintiff continues to argue that SSA's reliance on POMS to process his February Request under the Privacy Act, as opposed to FOIA, was improper. *See* Pl.'s Surreply at 3, ECF No. 19. In support, he cites to *Davis v. Secretary of Health and Human Services*, 867 F.2d 336, 340 (6th Cir. 1989), and *Hall v. Sebelius*, 689 F. Supp. 2d 10, 21 (D.D.C. 2009), for the proposition that POMS is not "law." Pl.'s Surreply at 3 (citing *Davis*, 867 F.2d at 340). These arguments are unavailing.

First, the plaintiff conveniently truncates the complete quotation from *Davis*, which reads quite differently *in toto*. The *Davis* court states that "[a]lthough the POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force and effect of law, *it is nevertheless persuasive*." *Davis*, 867 F.2d at 340 (citations omitted). A review of the full text vastly changes the interpretation.

*Davis* is a case founded in a review of a decision of Secretary of Health and Human Services regarding denial of social security survivor benefits. *See Davis v. Bowen*, No. 87–26, 1987 WL 123576 at *2–*3 (E.D. Ky. Oct. 23, 1997). The trial court affirmed the Secretary's decision, *see id.*, and on appeal, the Sixth Circuit affirmed the decision of the trial court, *see Davis* 867 F.2d at 340–41. The Sixth Circuit opined that the district court's reliance on POMS provisions was appropriate. *See id*. at 340. *Hall*, 689 F. Supp. 2d at 15–16, involved direct challenges to certain POMS policies under Medicare Act, Social Security Act, and Administrative Procedure Act. The court determined that POMS constituted a final agency action and was subject to judicial

review. *See id.* at 21. Neither of these cases are factually comparable to the instant matter and only serve to undercut the plaintiff's legal argument.

Second, the plaintiff is mistaken in insinuating that SSA may not abide by its internal policy in processing his Request(s). FOIA provides agencies express statutory authority to establish their own rules concerning "the time, place, fees (if any) and procedures to be followed" in requesting records. 5 U.S.C. § 552 (a)(3)(A); *see also id.* §§ 552 (a)(4)(A); (a)(6)(D); (a)(6)(E). Similarly, the Privacy Act mandates that "each agency that maintains a system of records shall promulgate rules" relating to various procedures, fees, and other myriad requirements. 5 U.S.C. § 552a(f). Consequently, SSA's reliance on POMS in making determinations and in justifying those decisions is entirely appropriate.

The plaintiff has also failed to offer any argument as to how SSA's reliance on its own internal procedures was somehow more restrictive to his request for information than if SSA processed the request under FOIA. To the contrary, SSA's policy was to apply the available procedure that provided *more* access to records. Zimmerman Decl. at ¶ 10 (citing POMS GN 003301.035). SSA communicated this information to the plaintiff in the August Response and requested necessary supplemental information. In order to conduct a search and disclosure, including those seeking to retrieve earnings or benefit information, SSA requires specific information about an individual. *See Mathis v. Department of Justice*, No. 16-1712, 2018 WL 4637356 at *6 (D.D.C. Sept. 27, 2018) (citing 20 C.F.R. § 404.810(b)); *see also* 20 C.F.R. § 401.40; *id.* §§ 401.45; 401.50(a); 401.95; POMS RM 02019.001. To date, the plaintiff has failed to provide this supplemental information. This failure to perfect the April Request constitutes failure to exhaust administrative remedies. *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102–04 (D.D.C. 2009) (citations and quotation marks omitted) (granting summary judgment where the

plaintiff failed to perfect his Privacy Act request). Until he perfects his request under the Privacy Act, the plaintiff may not bring a Privacy Act claim. *See* Zimmerman Decl. at ¶¶ 7, 8 (citing POMS GN 03340.001).

Even if the plaintiff's claims related to the April Request were properly before the Court, SSA's treatment of the April Request under the Privacy Act was proper and any claims relating to the April Request are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, SSA's motion for summary judgment as to the FOIA claim related to the plaintiff's February 2019 FOIA request is granted. To the extent that the plaintiff has also challenged SSA's processing of his April 2019 Privacy Act Request, this claim is dismissed, without prejudice. An Order consistent with this Memorandum Opinion will be issued contemporaneously.

Date: March 3, 2020

_____/s/_____
BERYL A. HOWELL
Chief United States District Judge